UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN GODERT, and all similarly situated employees, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| VS. ) ) | 3:16-CV-2079-G |
| PALO ALTO NETWORKS, INC., ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

On October 9, 2013, the plaintiff Kevin Godert ("Godert") began to work for the defendant Palo Alto Networks, Inc., ("PAN") as an appointment setter. *See* Plaintiffs' Original Petition and Request for Disclosure ("Petition") ¶ 5, *attached to* Notice of Removal ("Notice") (docket entry 1); Plaintiff's Response to Defendant's Motion for Partial Summary Judgment ("Response") at 5-6 (docket entry 33). Godert asserts that Kevin Hemphill ("Hemphill"), his direct supervisor, assaulted him on April 1, 2015. Response at 7-8. On February 5, 2016, Godert voluntarily resigned his position at PAN, but he maintains that he was "was forced to terminate his employment . . . as a result of the unrelenting torment dished out by [Hemphill].

. . ." Petition ¶ 5; Response at 7-10; Defendant Palo Alto Networks, Inc.'s Brief in Support of Partial Summary Judgment ("Motion") at 1 (docket entry 27).

PAN provided workers' compensation coverage to its employees. Motion at 10; Appendix to Defendant Palo Alto Network [sic], Inc.'s Brief in Support of Motion for Partial Summary Judgment ("Appendix") at APP. 000148, 000201-202 (docket entry 28). PAN's employee handbook states that PAN provides workers' compensation coverage to all employees, and Godert that admits he received the handbook. Reply at 5; APP. 000048; *see also* APP. 00109, 000111. Godert did not file a workers' compensation claim as a result of the April 1, 2015 incident with Hemphill. Appendix at APP. 000029.

On June 21, 2016, Godert filed this case in the County Court at Law No. 2 in Dallas County, Texas, on behalf of himself and similarly situated employees. *See generally* Petition; Notice at 1. Godert asserted state law claims for negligence, negligent supervision, and assault, alleging that PAN failed to prevent Hemphill's assault on him. *See generally* Petition; *see also* Response at 7-10. He asserted an additional state law claim for breach of contract due to PAN's "ever-shifting commission plans." Response at 10; *see also* Petition at 7. He brought one federal claim for the payment of wages and overtime compensation under the Fair Labor Standards Act ("FLSA"). Petition at 6-7. Specifically, Godert contends that "[a]lthough [he], and most of his co-workers, worked more than forty hours per

workweek, and were encouraged to do so by PAN's upper management, they never received any form of overtime pay." Response at 6.

On July 18, 2016, PAN removed the case pursuant to 28 U.S.C. § 1331 based upon the federal question raised by Godert. Notice at 2.

## II. ANALYSIS

### A. Removal Jurisdiction

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. PAN removed the case pursuant to 28 U.S.C. § 1331. Notice at 2. PAN contended that this court has supplemental jurisdiction over Godert's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims also arise out of Godert's employment with PAN and "are so related to the federal claim that they form part of the same case or controversy." *Id.*

### B. Non-Removable Workers' Compensation Claims

The issue before this court is whether Godert's claims for negligence, negligent supervision, and assault "arise under" Texas' workers' compensation laws, precluding removal of these claims to this court and requiring a remand to state court pursuant to 28 U.S.C. § 1445(c). Section 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).

PAN, the removing party, now contends that Godert's claims for negligence, negligent supervision, and assault are barred, as a matter of law, by the exclusivity provision of the Texas Workers' Compensation Act ("the Act"), TEX. LAB. CODE §§ 401.001 *et seq.* Motion at 9-12. Under the Act, the recovery of workers' compensation benefits "is the exclusive remedy of an employee covered by workers'

compensation insurance coverage . . . against the employer or an agent or employee of the employer for . . . a work-related injury sustained by the employee." *Id.* § 408.001(a). Because Godert's claims for negligence, negligent supervision, and assault arise under Texas workers' compensation laws and, by virtue of 28 U.S.C. § 1445(c), are not removable to federal court, these claims must be remanded.[1] *See* 28 U.S.C § 1441(c).[2]

---

[1] Godert's remaining causes of action for breach of contract and violation of the FLSA do not come within the ambit of the non-removability provision of 28 U.S.C. § 1445(c). PAN moves for summary judgment on Godert's breach of contract claims as PAN maintains that no valid contracts existed, and the 2015 and 2016 Fiscal Year Compensation Plans at issue expressly permitted PAN to modify or terminate the plans at any time with or without cause at its discretion. Motion at 14-15. Because the motion presents genuine issues of material fact which can only be resolved at trial, the motion is **DENIED**.

[2] § 1441(c) provides in pertinent part:

> (1) If a civil action includes --
>
> * * *
>
> > (B) . . . a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in

(continued...)

### III. CONCLUSION

For the reasons stated above, removal of Godert's state law claims for negligence, negligent supervision, and assault was improper under 28 U.S.C. § 1445(c). Accordingly, these claims are **SEVERED** and **REMANDED** to the **County Court at Law No. 2 in Dallas County, Texas**. The clerk shall mail a certified copy of this memorandum opinion and order to the county clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

Godert's remaining causes of action for breach of contract and violation of the FLSA do not come within the ambit of the non-removability provision of 28 U.S.C. § 1445(c) and thus will be retained on the docket of this court. PAN's motion for summary judgment on Godert's breach of contract claims is **DENIED**.

**SO ORDERED.**

September 6, 2017.

_____
**A. JOE FISH**
**Senior United States District Judge**

---

²(...continued)
paragraph (1)(B) and shall remand the several claims to the State court from which the action was removed. . . .